[Cite as *State v. Kendrick*, 2016-Ohio-4770.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | **No. 15AP-835** |
| v. | : | (C.P.C. No. 14CR-2851) |
| Laron L. Kendrick, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 30, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Timothy Young*, Ohio Public Defender, and *Stephen P. Hardwick*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Laron L. Kendrick, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.

I. Factual and Procedural Background

{¶ 2} On May 29, 2014, a Franklin County Grand Jury indicted appellant with multiple counts of attempted murder in violation of R.C. 2923.02 and 2903.02, and felonious assault in violation of R.C. 2903.11. Each of those counts also contained two firearm specifications. The indictment also contained two counts of having a weapon

while under a disability in violation of R.C. 2923.13.  Appellant initially entered a not guilty plea to the charges and proceeded to a trial.

{¶ 3}  During his trial, however, appellant decided to withdraw his not guilty plea and enter an Alford Plea to two counts of attempted murder.  The first count included a three-year firearm specification pursuant to R.C. 2941.145 and a five-year firearm specification pursuant to R.C. 2941.146.  The second count only included a three-year firearm specification pursuant to R.C. 2941.145.  The "Entry of Guilty Plea" form signed by appellant advised him that he faced up to 33 years in prison as a result of his plea, but that the parties had jointly recommended a 20-year prison sentence.  After advising appellant of the nature of the charges, the effect of his plea and the possible penalties he faced, the trial court accepted his plea, found him guilty, and sentenced him to the jointly recommended prison sentence of 20 years.  In so doing, the trial court ordered him to serve concurrent nine-year prison terms for each of the attempted murder counts and then added consecutive prison terms for each of the firearm specifications (a total of 11 years) to arrive at the jointly-recommended prison sentence of 20 years.  Appellant's trial counsel did not object to the prison sentence.

## II. The Appeal

{¶ 4}  Appellant appeals and assigns the following error:

> The trial court abused its discretion by failing to consider whether to run the three-year firearm specification in Count One [concurrently] to the three-year specification in Count Three was contrary to law and an abuse of discretion.

{¶ 5}  Appellant argues that the trial court should have imposed concurrent sentences for his three-year firearm specifications, thereby reducing his prison sentence by three years.  He argues that he should have received concurrent sentences because those specifications occurred as part of the same act or transaction.  R.C. 2929.14(B)(1)(b).  We disagree.

{¶ 6}  We first note that appellant did not object to the trial court's imposition of consecutive sentences for the two firearm specifications at the sentencing hearing.  Therefore, our review is limited to plain error.  Crim.R. 52(B); *State v. Price*, 10th Dist. No. 13AP-1085, 2014-Ohio-4065, ¶ 7.  Under Crim.R. 52(B), plain errors affecting substantial rights may be noticed by an appellate court even though they were not brought

to the attention of the trial court.  To constitute plain error, there must be: (1) an error, i.e., a deviation from a legal rule, (2) that is plain or obvious, and (3) that affected substantial rights, i.e., affected the outcome of the trial.  *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002); *State v. Ganguly*, 10th Dist. No. 14AP-383, 2015-Ohio-845, ¶ 41.  Even if an error satisfies these prongs, appellate courts are not required to correct the error. Appellate courts retain discretion to correct plain errors.  *State v. Fillmore*, 10th Dist. No. 15AP-509, 2015-Ohio-5280, ¶ 6; *State v. Litreal*, 170 Ohio App.3d 670, 2006-Ohio-5416, ¶ 12 (4th Dist.).  Courts are to notice plain error under Crim.R. 52(B) " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Barnes*, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of syllabus; *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 58 (10th Dist.).

{¶ 7}  Appellant was convicted of two three-year firearm specifications pursuant to R.C. 2941.145.  Pursuant to R.C. 2929.14(B)(1)(a), the trial court was required to impose a prison term for those specifications.  As appellant argues, R.C. 2929.14(B)(1)(b) provides that a trial court shall not impose more than one such prison term for felonies committed as part of the same act or transaction.  That statute, however, contains an exception which applies to appellant's case.  *Price* at ¶ 8; *State v. Sheffey*, 8th Dist. No. 98944, 2013-Ohio-2463, ¶ 27-28.  That exception, found in R.C. 2929.14(B)(1)(g), provides that:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶ 8}  In this case, appellant was convicted of two felonies, specifically two counts of attempted murder.  With each of those offenses, he was also convicted of a firearm

specification described under division R.C. 2929.14(B)(1)(a).[1]   Thus, under R.C. 2929.14(B)(1)(g), the trial court was required to impose a prison term for each of the two most serious firearm specifications.  *Price* at ¶ 11.  Here, because appellant was only convicted of two such specifications, the trial court had to impose a prison term for both of those specifications.  *State v. Murphy*, 8th Dist. No. 98124, 2013-Ohio-2196, ¶ 8. Additionally, those prison terms had to be consecutive.   R.C. 2929.14(C)(1)(a). Accordingly, the trial court did not err, plainly or otherwise, by sentencing appellant to consecutive prison terms for both of his three-year firearm specifications.[2]

### III. Conclusion

{¶ 9}   We overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

———————————

[1] This appeal does not address the R.C. 2941.146 five-year firearm specification sentence.  We note, however, that appellant's sentence for that specification is set forth in R.C. 2929.14(B)(1)(c), not R.C. 2929.14(B)(1)(a).

[2] While not articulated as an assignment of error, this conclusion compels the rejection of appellant's arguments that trial counsel was ineffective for not objecting to the trial court's imposition of consecutive sentences.