[Cite as *State v. Adams*, **2017-Ohio-8245**.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27360 |
| | : | |
| v. | : | Trial Court Case No. 16-CR-2189 |
| | : | |
| JAREL S. ADAMS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

OPINION

Rendered on the 20th day of October, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

JEFFREY GRAMZA, Atty. Reg. No. 0053392, 101 Southmoor Circle NW, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Jarel Adams was charged by indictment filed August 25, 2016 with two counts of aggravated robbery and two counts of kidnapping, all felonies of the first degree. Each charge also had a three-year firearm specification. On November 7, 2016 Adams, accompanied by counsel, entered no-contest pleas to the charges and specifications. He was sentenced to concurrent prison terms of three years for each of the felonies and to two consecutive three-year terms for two firearm specifications, one for each victim, for an aggregate nine years of mandatory imprisonment. Appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for our review. We informed Adams of the *Anders* filing and advised him of his right to file his own brief and the time limit for doing so. Adams has not filed a pro se brief, and the time for filing has expired.

### The Facts and Course of Proceedings

{¶ 2} On July 14, 2016 Adams entered a cosmetic and aroma store on North Main Street in Dayton. At gunpoint he robbed the owner by taking money from the register, and he robbed a patron by taking money from her purse. Adams also tied up each of the victims with electrical cords. The owner thought the suspect might be someone she had met. Based in part on a nearby surveillance camera and in part on Facebook entries, Adams was believed to be the offender. He subsequently was positively identified by each of the victims.

{¶ 3} Adams moved to suppress his identification but later withdrew the motion and entered guilty pleas to each of the charges and specifications. The guilty pleas were prompted by the trial court's representation that it would sentence Adams to seven years

in prison provided that an anticipated presentence investigation revealed no substantial record or information other than a known prior felonious-assault conviction for which he had completed a five-year prison sentence. The State did not agree to the trial court's sentencing proposal and the complainants did not agree with the Court's sentencing proposal either.

{¶ 4} On November 7, 2016, at what was to be a sentencing hearing, the trial court indicated it was "not legally allowed" to impose only a seven-year prison sentence because, contrary to the prospective seven-year sentence represented at the plea colloquy, two mandatory firearm specifications were required to be imposed consecutively to the mandatory sentences for the four underlying charges, resulting in an aggregate minimum of nine years in prison. Over Adams' objection, the trial court vacated the guilty pleas and indicated the proceedings would start over, including Adams' right to proceed to trial. But the trial court also indicated that it would sentence Adams to the minimum of nine mandatory years in prison if he chose to enter no-contest pleas to the charges and specifications, which would preserve his right to have an appellate determination of whether all the firearm specifications should merge. The trial court then conducted a new complete and thorough Crim.R. 11 plea colloquy. It concluded that Adams understood the charges, his rights, and the proceedings, and that he entered his pleas voluntarily. The trial court found him guilty of the charges and specifications.

{¶ 5} On November 14, 2016 the trial court determined that the respective aggravated robbery and kidnapping charges did not merge because the kidnappings were committed not just to facilitate the robberies and with a separate animus to facilitate escape and to prevent detection. As set forth above, the trial court imposed mandatory

three-year prison sentences for each offense, concurrently, consecutive to two three-year mandatory firearm specifications, one for each victim, for an aggregate nine-year prison sentence, the minimum the court could legally impose. The judgment entry reflects the described prison sentences and the imposition of five years of mandatory post-release control. The trial court ordered restitution of $1,394 and $380 for the respective victims based on figures supplied by them, without objection or a hearing request, and ordered payment of court costs. Adams appealed.

## Potential Assignments of Error

{¶ 6} In the *Anders* brief, appointed appellate counsel asks us to review two potential assignments of error but does not present any analysis of them. They are (1) "[w]hether the Trial Court erred in deciding not to impose the seven-year sentence it had conditionally agreed to impose and in vacating Appellant's guilty pleas" and (2) "[w]hether the Trial Court provided an incorrect explanation to Appellant of the reason why the sentence it had conditionally agreed to impose was not legally allowed, and, if said explanation was incorrect, whether the Court's explanation constituted harmless error."

{¶ 7} Upon review, we conclude that the trial court did not err in declining to impose the seven-year sentence Adams sought. We also conclude that the trial court's explanation about why it could not impose that sentence was adequate. Any arguments to the contrary are frivolous. As set forth above, Adams offered to plead guilty to all charges and specifications in response to the trial court's representation that it would impose an aggregate seven-year sentence. (Tr. at 4). Again, the State and the complainants did not agree to this plea proposal. (*Id*). Although the trial court initially represented it would sentence Adams to seven years, at the scheduled sentencing it

recognized that the minimum aggregate sentence it could impose was nine years in prison.

**{¶ 8}** The shortest lawful sentence for Adams' four substantive counts, if all were to run concurrently, was an aggregate three-year prison term. The offenses were first-degree felonies with mandatory minimum three-year prison terms due to Adams' prior conviction for felonious assault. *See* R.C. 2929.14(A)(1); R.C. 2929.13(F)(6). Nothing prohibited them from being served concurrently. With regard to the four firearm specifications, the trial court was required to impose at least two separate three-year prison terms for them. *State v. Pugh*, 2d Dist. Montgomery No. 26448, 2015-Ohio-2558, ¶ 9, citing R.C. 2929.14(B)(1)(g), which requires a trial court to impose separate prison terms for each of the two most serious firearm specifications when they are attached to certain listed serious felonies, which includes aggravated robbery convictions. In addition, the two three-year prison terms for the firearm specifications were required to be served consecutively to each other and consecutively to the three-year term for the substantive offenses. *See* R.C. 2929.14(C)(1)(a); *State v. Kendrick*, 10th Dist. Franklin No. 15AP-835, 2016-Ohio-4770, ¶ 7-8. The result was that the trial court was statutorily required to impose a mandatory minimum nine-year prison sentence. The aggregate seven-year sentence the trial court initially represented it would impose was and is contrary to law. That being so, we see no non-frivolous argument regarding the trial court's rejection of the seven-year sentence.

**{¶ 9}** We also see no non-frivolous argument concerning the trial court's explanation of its inability to impose a seven-year sentence. In addressing the issue, the trial court stated:

* * * We had a plea agreement, essentially there was a plea agreement wherein the Court and the Defendant came to an agreement with regard to the sentence and a particular term. However, we have subsequently learned that that sentence is not available given the Counts and the specifications.

So the Court will, in essence, vacate the plea. It's as if a plea was not entered * * *.

* * *

* * * There was a mistake made not by the Court on the sentence. We indicated a sentence that is not legally allowed. It was a—Court was under the understanding that given that this was one transaction in occurrence that in that kind of situation, firearm specifications can be merged into one firearm specification. But, in a situation like this where you have a kidnapping, a high degree felony; you have two felonies of the first degree here. Each has a three year firearm specification. And in that situation—situation unlike some other situations with regard to firearm specifications, the firearm specifications can't be merged into one. They have to be run consecutively. So, legally, we cannot merge the firearm specifications as I thought we could when we discussed this before.

(Tr. at 19-21).

{¶ 10} Although the trial court did not recite the statutory language, it properly conveyed the notion that it was required to impose two consecutive sentences on the firearm specifications and that it could not merge them all. The only misstatement in the

foregoing explanation was its citation of the kidnapping convictions as the predicate for its obligation to impose two separate sentences for the firearm specifications. Under R.C. 2929.14(B)(1)(g), it was the existence of the aggravated robbery convictions that triggered multiple sentences on the firearm specifications. The prosecutor clarified this fact following the trial court's explanation. (Tr. at 23). The trial court also later opined that two separate sentences on the firearm specifications were required because there were two victims. (*Id.* at 24). In any event, there is no possible prejudicial error to Adams given that the trial court statutorily was required to impose at least an aggregate nine-year sentence, which included two consecutive three-year terms on the firearm specifications, and correctly told Adams so before vacating the initial plea.

{¶ 11} Finally, we see no non-frivolous issue regarding whether the trial court properly vacated the initial plea and allowed Adams to start anew. There is simply no case law that allows a trial court to enter a sentence that is contrary to law. We need not and do not have to consider whether a plea, had it been with the agreement of the State, might require the State to fulfill its agreement, perhaps by requiring the State to nolle one of the firearm specifications, making a seven-year sentence possible because there is no question that the State made no plea agreement here. Upon concluding that nine years was the minimum sentence the court could legally impose, there is no question that Adams' plea was not entered knowingly, intelligently and voluntarily because the information upon which he entered his plea was clearly wrong. The trial court had no choice but to vacate the plea and start over. Any assignment of error to the contrary is without arguable merit.

**_Anders_ Review**

**{¶ 12}** We also performed our duty under *Anders* to conduct an independent review of the record. We thoroughly reviewed the docket, the various filings, and the written transcripts, including the pleas and the sentencing disposition. We found no non-frivolous issues for review. Accordingly, the judgment of the Montgomery County Common Pleas Court is affirmed.

DONOVAN, J. AND FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Jeffrey T. Gramza
Jarel S. Adams
Hon. Timothy N. O'Connell