[Cite as *17AP-845*, 2018-Ohio-2372.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-845 |
| v. | : | (C.P.C. No. 93CR-5762) |
| Montez J. Long, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

_____

D E C I S I O N

Rendered on June 19, 2018

_____

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Montez J. Long*, pro se.

_____

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Montez J. Long, appeals from a judgment entered on October 31, 2017 by the Franklin County Court of Common Pleas denying his motion for resentencing. Although the trial court's original criminal sentencing entry did not comply with a number of procedural requirements, because the sentence imposed was not discretionary, because Long has waited 20 years to challenge the sentence, and because he did so by motion for reconsideration rather than a substantiated motion for delayed appeal, there is no basis for granting his motion. In addition, because the State did not cross-appeal on the question of whether the trial court was empowered to suspend Long's court costs, we do not consider the merits of that argument. We therefore affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 9, 1993, a Franklin County Grand Jury indicted Long for aggravated murder with a firearm specification. (Nov. 9, 1993 Indictment.) We have

previously discussed the facts of this case in considerable detail and will not engage in a full recitation of the facts in reviewing the trial court's resolution of Long's motion. In short, Long was convicted after having fatally shot a person who attempted to skip to the front of the queue at a Church's Chicken on July 10, 1993 at approximately 2:00 a.m. *State v. Long*, 10th Dist. No. 96APA04-511, 1997 WL 52911, 1997 Ohio App. LEXIS 416, *2-12 (Feb. 6, 1997).

{¶ 3} On March 29, 1996, despite having been instructed on the option of convicting Long on a lesser-included offense of murder, a jury convicted Long of aggravated murder and found he had used a firearm in the commission of the offense. (Apr. 2, 1996 Verdict Form; Tr. Vol. VI at 969-72, 976-79, filed June 3, 1996.) Based on the jury's finding, the trial court sentenced Long to 20 years to life with a mandatory consecutive 3 years of incarceration for the firearm specification. (Apr. 2, 1996 Entry at 1.) The trial court ordered in its entry "that the defendant pay the costs of this prosecution" but did not specifically calculate an amount. *Id.*

{¶ 4} On appeal, this Court found that the jury's verdict was insufficiently supported as a matter of law as to the premeditation element of aggravated murder. *Long* at *28-29. We, thereafter, modified Long's conviction from aggravated murder to the lesser offense of murder and remanded his case for resentencing. *Id.* at *29.

{¶ 5} On August 7, 1997, the trial court held a resentencing hearing which, in its entirety, consisted of the following:

> THE COURT: State of Ohio versus Montez Long, 93CR-5762, set for resentencing. We're here on the Montez Long case based on the Court of Appeals decision that has reduced the verdict to that of a finding of guilty on a murder conviction.
>
> Is there anything from either party?
>
> [PROSECUTION]: No, Your Honor. I believe the sentence is statutory. It is murder with a firearm specification. It carries a sentence of 15 years to life. I believe all the parties agree on that.
>
> THE COURT: Anything, [DEFENSE COUNSEL]?
>
> [DEFENSE COUNSEL]: I have nothing.
>
> THE COURT: Court then will go forward with the sentencing.
>
> Mr. Long, if you can stand up for sentencing, please.

> Court imposes a statutory sentence of 15 years to life. There is an additional 3 years to be served consecutive for use of a firearm.
>
> Thank you.
>
> [DEFENSE COUNSEL]: Thank you.

(Aug. 7, 1997 Resentencing Tr. at 3-4, filed July 31, 2017.) Following its oral pronouncement, the trial court entered judgment sentencing Long to serve 15 years to life with an additional consecutive sentence of 3 years for the firearm specification. (Aug. 7, 1997 Resentencing Entry at 2.) As before, the defendant was ordered to "pay the costs of this prosecution," though the trial court did not calculate the exact cost bill in its entry. *Id.* at 1-2.

{¶ 6} Slightly over 20 years later, Long filed a motion in the trial court seeking another resentencing, alleging that the August 1997 sentencing entry was void. (Oct. 5, 2017 Mot. for Resentencing.) Among other arguments, Long asserted that the trial court had failed to properly impose costs, had failed to inform him of his appellate rights, had failed to offer him an opportunity to allocute, had failed to determine his parole eligibility, and failed to state reasons for consecutive and maximum sentences. *Id.* at 4-10. Long also argued that trial counsel was ineffective in failing to raise some of these issues at sentencing. *Id.* at 5-6. The State responded that costs were properly imposed, that the trial court lacked jurisdiction to modify costs, and that none of Long's arguments supported a conclusion that the trial court's sentencing entry was void. (Oct. 20, 2017 Memo in Opp.) The trial court adopted some of the State's arguments and summarily denied Long's motion. (Oct. 31, 2017 Entry.) However, it did order further collection of court costs to be suspended during Long's incarceration. *Id.*

{¶ 7} Long now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Long alleges six errors for our review:

> [1.] The Trial Court erred as a matter of law, and abuse its discretion, when the Trial Court failed to address the issue Appellant raised in his Motion For Re-sentencing Based Upon A Void Judgment . . . , filed on October 5th, 2017 when Appellant brought to the Trial Courts attention that the Trial Court did not give Appellant an opportunity to speak at the Re-

sentencing hearing on August 7, 1997 failing to comply with Crim. R. 32(A)(1) and R.C. 2929.19(A), and (B)(1), causing Appellant's sentence to be Contrary to law

[2.] The Trial Court erred as a matter of law, and abused its discretion, when the Trial Court failed to address the issue Appellant raised in his Motion For Re-sentencing Based Upon A Void Judgment . . . , filed on October 5th, 2017 when Appellant brought to the Trial Courts attention that the Trial Court failed to give Appellant his Notice of Appeal Rights at the Re-sentencing hearing on August 7th, 1997 Appellant had Rights to Appeal the Re-sentencing hearing, pursuant to Crim. R. 32

[3.] The Trial Court erred as a matter of law, and abused its discretion, when the Trial Court failed to address the issue Appellant raised in his Motion for Re-sentencing Based Upon A Void Judgment . . . , filed on October 5th, 2017 when Appellant brought to the Trial Courts attention that the Trial Court at the Re-sentencing hearing on August 7th, 1997 reflects a lesser included Sentence pursuant to R.C. 2903.02, and the Trial Court never addressed the Statutorily mandates pursuant to R.C. 2967.13 the record is silent that if Appellant is eligible or not eligible for Parole, and the Trial Court failed to mention the maxium penalty involved in the Crime Appellant was found guilty of, or give its reasons for Consecutive Sentences

[4.] Trial Counsel[] * * * provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United State's Constitution And Section 10, Article 1 of the Ohio Constitution, for failing to object or even filing objection's to Statutory Requirements that are Contrary to law at this time

[5.] The Trial Court erred as a matter of law, and abused its discretion, when Appellant filed his Motion on 10/5/17 in the Common Pleas Court, Criminal Division, But the Trial Court denied Appellant's Motion in the Civil Division

[6.] The Trial Court erred as a matter of law, and abused its discretion, when Appellant raised issues of Statutory provision's not being complied with concerning Appellant's Order to pay costs of Prosecution, when this Court never pronounced costs of any Kind at the Sentencing hearing in 1996 or at the Re-sentencing hearing in 1997, violating Appellant's Due Process Rights for objection's and violating Statutory provision's required by law, But, suspended further collection's of Court costs during Appellant's incarceration at ODRC

(Sic passim.)

## III.  DISCUSSION

### A. First Assignment of Error — Failure of the Trial Court to Permit the Defendant the Opportunity to Allocute

{¶ 9}  Ohio Rule of Criminal Procedure 32 required at the time Long was resentenced that, "[b]efore imposing sentence the court * * * shall address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."  Crim.R. 32(A)(1) (1997).  "If the court imposes sentence without affording the defendant an opportunity to allocute, then resentencing is required unless the error was invited or harmless."  *State v. Beasley*, ___ Ohio St.3d ___, 2018-Ohio-493, ¶ 200, citing *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, ¶ 179; *see also State v. Campbell*, 90 Ohio St.3d 320 (2000), paragraph three of the syllabus.

{¶ 10}  We review the trial court's decision on Long's motion with the understanding that this was a resentencing following appellate court modification of a jury's conviction with remand ordered for sentencing only.  At resentencing, the record indicates that the trial court did not "address [Long] personally," nor did it give him the opportunity to make a statement or present mitigation.  (Resentencing Tr. at 3-4.)  While technically error, under these circumstances, it is harmless.  Crim.R. 52(A).  We note that Long's sentence was statutory.  No judicial discretion was involved in resentencing him.  *See Krupp v. Poor*, 24 Ohio St.2d 123, 127 (1970) ("Judicial discretion is the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case.").  Long was convicted of murder instead of aggravated murder, post-appeal, and with a firearm specification.  The trial had no discretion and was statutorily required to impose the sentence it imposed, 15 years to life in prison with a mandatory consecutive 3 years for the firearm specification.  R.C. 2929.02(B) (1997); R.C. 2929.13(F)(1) (1997); R.C. 2929.14(D)(1)(a)(i) (1997); *see also* Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560.[1]

---

[1] Archived online at 1995 Ohio HB 180.

Nothing Long could have said had he been offered the opportunity at resentencing could have or would have altered that fact.

{¶ 11} Long's first assignment of error is overruled.

### B. Second Assignment of Error – Failure of the Trial Court to Notify Long of his Appellate Rights

{¶ 12} Crim.R. 32 provided at the time Long was resentenced:

> (2) *Notification of Right to Appeal.* After imposing sentence in a serious offense that has gone to trial on a plea of not guilty, the court shall advise the defendant of all of the following:
>
> (a) That the defendant has a right to appeal;
>
> (b) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;
>
> (c) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;
>
> (d) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;
>
> (e) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.
>
> Upon defendant's request, the court shall forthwith appoint counsel for appeal.

(Emphasis sic.) Crim.R. 32(B) (1997).[2]

{¶ 13} Clearly, murder is a "serious offense" within the meaning of the rules. *See* Crim.R. 2(C) (" 'Serious offense' means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."). The trial court was required to advise Long of his Crim.R. 32(B) appellate rights but, in error, it did not do so. (Resentencing Tr. at 3-4.)

{¶ 14} We have previously held that the failure to advise a defendant of his or her Crim.R. 32 appellate rights does not render a judgment void. *State v. Smotherman*, 10th Dist. No. 16AP-471, 2016-Ohio-8133, ¶ 13. Since Long's conviction and sentence are not

---

[2] The staff notes reflect that little has changed relevant to this case in the years since 1997. Crim.R. 32 (staff notes to 7-1-98, 71-04, and 7-1-13 amendments).

rendered void by the trial court's error, we must consider whether doctrines of finality such as res judicata prevent Long's 20-year-later attempt to challenge the trial court's failure.

{¶ 15} We have previously explained:

> In criminal cases, res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal "if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis sic.) *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92; *see also State v. Szefcyk*, 77 Ohio St.3d 93, 95-96 (1996). Stated differently, in criminal cases res judicata may preclude issues, arguments, or positions that could have been (even if they were not actually) litigated. *See State v. Breeze*, 10th Dist. No. 15AP-1027, 2016-Ohio-1457, ¶ 9.

*State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 19. Yet the Supreme Court of Ohio has several times stated that, " 'the doctrine of res judicata is to be applied in particular situations as fairness and justice require, *and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.*' " (Emphasis sic.) *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491 (2001), quoting *Grava v. Parkman Township*, 73 Ohio St.3d 379, 386 (1995) (Douglass, J., dissenting); 46 American Jurisprudence 2d, Judgments, Section 522, at 786-87 (1994); *see also, e.g.*, *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, ¶ 47.

{¶ 16} Not having been informed of his appellate rights concerning the second sentencing, it is conceivable that Long did not know at the time that he had any. It is therefore possible that he "could [not] have raised" the trial court's failure to inform him of his appellate rights in a timely direct appeal from his re-sentencing. *Barber* at ¶ 19. We would thus generally refrain from applying res judicata in a circular fashion to bar his claim that he was not informed of his right to appeal.

{¶ 17} However, once Long learned of his right to appeal, Long's remedy was not a motion for reconsideration but, rather, a motion for a delayed appeal stating the reason he failed to timely perfect an appeal as of right (i.e., that he was not informed of his right to appeal). App.R. 5(A)(2); *see also Smotherman* at ¶ 14 (noting that "appellant did not file a direct appeal nor did he seek leave to file a delayed appeal from his conviction and sentence and, therefore, the doctrine of res judicata arguably operates as an additional bar to the

petition"). The trial court did not abuse its discretion in failing to reconsider its previous sentence entered following Long's first appeal at the direction of this Court.

{¶ 18} Long's second assignment of error is overruled.

### C. Third Assignment of Error – Whether the Trial Court Erred in Failing to State the Date on Which Long was to Become Parole Eligible

{¶ 19} R.C. 2967.021 specifies the edition of Ohio Revised Code Chapter 2967 that applies to persons in Long's circumstances:

> Chapter 2967. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.

According to the version of R.C. 2967.13 in effect before July 1, 1996, "[a] prisoner serving a sentence of imprisonment for a felony for which an indefinite term of imprisonment is imposed becomes eligible for parole at the expiration of his minimum term, diminished as provided in sections 2967.19, 2967.193 and 5145.11 of the Revised Code." R.C. 2967.13(A) (1996); *see also* Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136.[3]

{¶ 20} Long argues that the trial court failed to comply with R.C. 2967.13 and 2929.03 in that it "failed to determine if [Long] was either ineligible for Parole or becomes eligible for Parole after serving a period of 15, 20, 25 or 30 years in prison." (Long's Brief at 12.) However, because the period before Long was to be eligible for parole could be diminished by good time credits, grade advancement, and credits for participation in prison programs, the trial court could not determine an exact date of Long's eligibility at the time of sentencing. *See* R.C. 2967.19 (1996) (time off for good behavior); R.C. 2967.193 (1996) (time off for participation in programs); R.C. 5145.11 (1996) (grade advancement credits); R.C. 2967.13(L) (1996) (limiting the extent of such diminution). In short, Long became eligible for parole when his minimum sentence expired, less any credits under R.C. 2967.19, 2967.193, and 5145.11 within the limits set by R.C. 2967.13(L). There is no requirement in any of the statutes Long cites that the trial court attempt to calculate or enunciate a date of parole eligibility when sentencing. Moreover, a statutory penalty for a crime such as murder carries with it the possibility of being incarcerated for life, a decision contemplated

---

[3] Archived online at 1995 Ohio SB 2.

by law to be made post-sentencing by denial of release on parole through the jurisdiction of the Ohio Adult Parole Authority, not the sentencing trial judge.

{¶ 21}  Long's third assignment of error is overruled.

### D. Sixth Assignment of Error – Whether the Trial Court Erred in Imposing Financial Sanctions

{¶ 22}  Long argues that the trial court erred in imposing financial sanctions (costs) without considering his ability to pay in violation of R.C. 2929.19(B)(6). (Long's Brief at 15-16.)  Costs are not a financial sanction that requires consideration of a defendant's ability to pay in accordance with R.C. 2929.19(B)(6) (1997), because ability to pay is "irrelevant" to the imposition of costs.  *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, ¶ 3, *superseded in part by statute*.  We note that Long may also be understood to argue in his brief that costs should have been waived, suspended, or modified due to his indigence. (Long's Brief at 15-16.)  We disagree for the following reasons.

{¶ 23}  When Long was sentenced, costs were required to be assessed pursuant to R.C. 2947.23 (1996) ("In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs.").  S*ee also* 2002 Am.Sub.H.B. No. 271.[4]  The Supreme Court later determined that, despite the mandatory language of the statute, a court could waive costs in the case of an indigent defendant after the costs have been imposed.  *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 11, *superseded in part by statute*.  That is, costs must always be imposed, but they can, after they have been imposed, be waived, suspended, or modified. *See current* R.C. 2947.23(C) ("The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter.").

{¶ 24}  But even when in the exercise of discretion it would seem costs should have been waived, success on a subsequent challenge does not render void the entire decision. *Joseph* at ¶ 1, 19-21.  And the current statutory language providing for that retention of jurisdiction to "waive, suspend, or modify" a cost order does not imbue a court with the authority to reach back and now apply it.  *State v. Banks*, 10th Dist. No. 17AP-210, 2017-Ohio-7135, ¶ 10.  Long is not legally entitled to such relief.

---

[4] Archived online at 2001 Ohio HB 271.

{¶ 25} But the trial court suspended further payment of court costs until Long's release. (Oct. 31, 2017 Entry.) Although the trial court did not retain jurisdiction to achieve this result under current R.C. 2947.23(C) and *Banks*, it may have been an appropriate exercise of judicial discretion given the particular circumstances of this case under *Joseph*. However, the State has not cross-appealed on this issue. Thus, we do not reach a conclusion or further consider the propriety of the court's decision to suspend the collection of costs during the remainder of Long's incarceration.

{¶ 26} Long's sixth assignment of error is overruled.

### E. Fourth Assignment of Error – Whether Long's Trial Attorneys were Ineffective

{¶ 27} Long argues that counsel should have made objections but does not specifically clarify to what counsel should have objected. (Long's Brief at 13-14.) Even assuming that Long means that trial counsel were ineffective for failing to raise the errors he alleged in the other assignments of error, his argument fails.

{¶ 28} Ineffective assistance of counsel claims are reviewed using the two-pronged approach prescribed by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. " 'To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.' " *State v. Griffin*, 10th Dist. No. 10AP-902, 2011-Ohio-4250, ¶ 42, quoting *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶ 29} While objections and greater diligence by counsel and the trial court during post-appeal sentencing hearing might have alleviated Long's filing of his motion, there is no "reasonable probability" that a different substantive outcome would have occurred had the objections been made. Long's fourth assignment of error is overruled.

### F. Fifth Assignment of Error – Whether Reversible Error Exists in an Entry Captioned "Civil" Rather than "Criminal" Division

{¶ 30} Long argues in his fifth assignment of error that there was some impropriety in the fact that he filed a motion in his criminal case but the trial court's entry denying his motion was captioned, "IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY,

OHIO CIVIL DIVISION." (Oct. 31, 2017 Entry.) The caption had no substantive bearing on the outcome of Long's motion. We take judicial notice that the same judge presides over the same docket of both civil and criminal cases assigned to him or her in the Franklin County Court of Common Pleas, unless a visiting judge is assigned to a case for a particular reason. That did not occur here. The error is both harmless and without consequence. Long has not demonstrated any entitlement to relief based on this error.

{¶ 31} Long's fifth assignment of error is overruled.

## IV. CONCLUSION

{¶ 32} Long's sentence was not discretionary; thus, we find that the trial court's procedural error in failing to allow him to allocute was harmless. Reconsideration was not the proper means by which to challenge the trial court's failure to inform Long of his appellate rights. There was no requirement that the trial court calculate or state the date of parole eligibility when sentencing Long, nor was there any requirement in Long's case that the court consider his ability to pay before imposing costs. Long does not sufficiently state what failures resulted in his attorneys being ineffective, nor does he sufficiently support or explain how an incorrect division of the same court in the caption of the trial court's entry entitles him to any relief now. Accordingly, we overrule all of Long's assignments of errors and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and TYACK, J., concur.

_____