[Cite as *State v. Steele*, 2018-Ohio-3950.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-187 |
| v. | : | (C.P.C. No. 12CR-402) |
| Brandon R. Steele, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 27, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Brandon R. Steele*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Brandon R. Steele, appeals a February 2018 decision and entry of the Franklin County Court of Common Pleas wherein the trial court declined to vacate as void a judgment previously entered sentencing Steele to serve 12 years in prison for Steele's guilty plea to 2 counts of aggravated robbery (both with firearm specifications) and 1 count of aggravated burglary. Steele specifically challenged the trial court's authority to require him to serve the two firearm specifications consecutively. Because Steele's aggravated robbery charges concerned separate victims, because R.C. 2929.14(B)(1)(g) requires consecutive imposition of the two firearm specifications in this case, and because the remainder of the arguments Steele raises on appeal were or could have been litigated in prior proceedings, we overrule all his assignments of error. We therefore affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   On January 26, 2012, a Franklin County Grand Jury indicted Steele for aggravated burglary, two counts of aggravated robbery, and one count of improperly discharging a firearm into a habitation, each with an accompanying firearm specification. (Jan. 26, 2012 Indictment.)  The two aggravated robbery charges each concerned a different victim.  *Id.* at 2-3.  After having pled not guilty in March 2012, he changed his plea in September 2012 and pled guilty to the aggravated burglary charge (without a specification) and the two counts of aggravated robbery (with specifications).  (Mar. 26 and Sept. 18, 2012 Plea Forms.)   The specification to the aggravated burglary charge and the charge for improper discharge of a firearm (and accompanying specification) were dismissed.  *Id.* at 2.

{¶ 3}   By judgment entered on October 24, 2012, the trial court sentenced Steele to serve six years for each of the aggravated robbery charges and the aggravated burglary charge, each to be served concurrently with the others.  (Oct. 24, 2012 Jgmt. Entry at 2.)  It also sentenced Steele to serve 3 years for each of the 2 gun specifications, each to be served consecutively to the other and to the underlying offenses.  *Id.*   The total term of imprisonment imposed was 12 years.  *Id.*

{¶ 4}   Steele never sought a direct appeal.

{¶ 5}   Approximately two years later, on November 25, 2014, Steele filed a motion to vacate a void sentence alleging that the imposition of consecutive sentences for the two firearm specifications rendered his sentence contrary to law and void.  (Nov. 25, 2014 Mot. to Vacate Void Sentence.)  The State opposed Steele's motion.   (Dec. 8, 2014 Memo. Contra.)   On January 21, 2015, the trial court denied Steele's motion noting that R.C. 2929.14(B)(1)(g) required the court to impose a prison term for each of "the two most serious specifications" of which Steele was convicted.  (Jan. 21, 2015 Decision & Entry at 2-3.)

{¶ 6}   Steele never sought to appeal that decision.

{¶ 7}   More than two years later, on September 29, 2017, Steele filed a second motion seeking to vacate a void sentence alleging essentially the same argument (but this time framed in terms of merger) that the trial court had erred in sentencing him consecutively on the two firearm specifications.  (Sept. 29, 2017 Mot. to Vacate Void

Sentence.) The State again opposed Steele's motion. (Oct. 12, 2017 Memo. Contra.) The trial court also denied this motion, noting that the motion essentially repeated the arguments from the first motion and that it was essentially a motion for reconsideration. (Feb. 14, 2018 Decision & Entry at 2-3.)

{¶ 8}   Steele now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 9}   Steele assigns three errors for review:

> [1.] THE TRIAL COURT IMPUGNED THE INTEGRITY OF THE JUDICIAL PROCESS WHEN IT SENTENCED STEELE TO CONSECUTIVE SENTENCES THEREBY IMPOSING A SENTENCE R.C. § 2929.14(D)(1)

> [2.] THE TRIAL COURT ERRED TO THE PREJUDICE OF MR STEELE BY IMPOSING A SENTENCE NOT SUPPORTED BY THE RECORD.

> [3.] TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 6TH AMENDMENT TO THE U.S. CONSTITUTION. AND ARTICLE 1, SECTIONS 10, 16 OF THE OHIO CONSTITUTION, AND THE APPLICATION OF THE PLAIN ERROR DOCTRINE, AS DEFINED IN Crim.R. 52(B).

(Sic passim.)

## III.  DISCUSSION

### A. First Assignment of Error — Whether the Court Erred in Imposing Consecutive Firearm Specifications and Res Judicata Application

{¶ 10} In criminal cases, res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal "if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment."  (Emphasis sic.) *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92; *see also State v. Szefcyk*, 77 Ohio St.3d 93, 95-96 (1996).  " 'Stated differently, in criminal cases res judicata may preclude issues, arguments, or positions that could have been (even if they were not actually) litigated.' "  *State v. Long*, 10th Dist. No. 17AP-845, 2018-Ohio-2372, ¶ 15, quoting *State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 19.

{¶ 11} As the question of whether Steele was appropriately required to serve the firearm specification sentences consecutively could have been (and was) litigated

previously, at first blush it would appear that res judicata should forestall further argument on that point. However, the Supreme Court of Ohio has carved out an exception in this instance.

> A court only has authority to impose a sentence that conforms to law, and R.C. 2941.25 prohibits the imposition of multiple sentences for allied offenses of similar import. Thus, when a sentencing court concludes that an offender has been found guilty of two or more offenses that are allied offenses of similar import, in conformity with *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, it should permit the state to select the allied offense to proceed on for purposes of imposing sentence and it should impose sentence for only that offense. Accordingly, *imposing separate sentences for allied offenses of similar import is contrary to law and such sentences are void. Therefore, res judicata does not preclude a court from correcting those sentences after a direct appeal.*

(Emphasis added.) *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 2.[1] Thus, neither the trial court nor we need address res judicata in rejecting Steele's argument that his sentence in void.

{¶ 12} Even though Steele's argument is not foreclosed by res judicata, it fails on the merits. Steele argues that R.C. 2929.14(B)(1)(b) states that "a court shall not impose more than one prison term on an offender" for firearm specifications in connection with "felonies committed as part of the same act or transaction." (Steele Brief at 8-9, quoting R.C. 2929.14(B)(1)(b), (B)(1)(c)(iii).) However, this argument ignores the fact that this rule only applies "[e]xcept as provided in division (B)(1)(g)." R.C. 2929.14(B)(1)(b). Division (B)(1)(g) of R.C. 2929.14 provides as follows:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are * * * aggravated robbery, * * * and if the offender is convicted of or pleads guilty

---

[1] The Supreme Court previously recognized that "a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act" while a "voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 12. The high court has also recognized that "we commonly hold that sentencing errors are not jurisdictional and do not necessarily render a judgment void." *Id.* at ¶ 13. Yet, in cases such as *Williams*, the Supreme Court has embraced exceptions that threaten to swallow the rule and lead to a situation where virtually any allegedly serious error in sentencing can be revived time and time again without being foreclosed by res judicata. This Court and others have expressed concerns about the legal basis and limits of the "voidness" doctrine that the Supreme Court has created in this context. *State v. Banks*, 10th Dist. No. 15AP-653, 2015-Ohio-5372, ¶ 16, fn. 1; *see also State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 34-39 (DeWine, J., concurring in judgment only); *State v. Fischer*, 128 Ohio St 3d 92, 2010-Ohio-6238, ¶ 41-57 (Lanzinger, J., dissenting).

> to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

Multiple courts have recognized that this obligates sentencing courts to sentence consecutively on at least the two most serious specifications where an offender otherwise meets the qualifications set forth by division (B)(1)(g). *See, e.g.*, *State v. Kendrick*, 10th Dist. No. 15AP-835, 2016-Ohio-4770, ¶ 7-8; *State v. Rouse*, 9th Dist. No. 28301, 2018-Ohio-3266, ¶ 11; *State v. Nelson*, 8th Dist. No. 104336, 2017-Ohio-5568, ¶ 84-85. Steele pled guilty to two counts of aggravated robbery, each with a firearm specification. (Sept. 18, 2012 Plea Form.) His situation fits squarely within the exception requiring consecutive specification sentencing set forth in R.C. 2929.14(B)(1)(g).

{¶ 13} And each of the aggravated robbery charges and specifications Steele pled guilty to related to different victims. (Jan 26, 2012 Indictment at 2-3.) Thus, neither the underlying offenses nor the specifications would have been appropriate candidates for merger, even if R.C. 2929.14(B)(1)(g) did not apply. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph two of the syllabus (holding that "[t]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims").

{¶ 14} We overrule Steele's first assignment of error.

**B. Third Assignment of Error – Whether Trial Counsel was Ineffective in Failing to Raise the Merger Issue with Regard to the Sentences for the Firearm Specifications**

{¶ 15} As we have concluded that merger would not have been appropriate and that the trial court was statutorily obligated by R.C. 2929.14(B)(1)(g) to impose consecutive sentences on Steele's two firearm specifications, trial counsel was not ineffective in failing to object. We therefore overrule Steele's third assignment of error.

**C. Second Assignment of Error – Res Judicata as to Sentence Length**

{¶ 16} In his second assignment of error, Steele argues that 12 years was an unjustifiably harsh sentence given the facts of the case and the statutory considerations

related to sentencing under R.C. 2929.11 and 2929.12. (Steele Brief at 13-24.) These issues could have been argued on direct appeal but are prevented from being raised at this late juncture by res judicata. *Jackson* at ¶ 92; *Long* at ¶ 15. We overrule Steele's second assignment of error.

## IV. CONCLUSION

{¶ 17} Though res judicata does not bar Steele's argument that improper imposition of consecutive sentences rendered his sentence void, that argument is without merit. Steele's aggravated robbery convictions involved two different victims and each conviction included admitted guilt to a related firearm specification. Under R.C. 2929.14(B)(1)(g), the trial court correctly imposed the specifications consecutively, being required by law to do this. Steele's counsel was not ineffective in failing to do what the law required. Steele's remaining argument, that his sentence was too harsh given the circumstances of his case, does not suggest that his sentence was void, could have been raised on direct appeal, and is barred by res judicata. We overrule all three of his assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.