DECISION
{¶ 1} Defendant-appellant, Scott E. Payne, appeals from a judgment of the Franklin County Court of Common denying his "Motion to Vacate and Correct Sentence Pursuant to Criminal Rule 47." Because the trial court properly denied defendant's motion, we affirm.
 {¶ 2} By indictments filed June 5, 2001 and June 8, 2001, defendant was charged with multiple counts of aggravated robbery, robbery, kidnapping, as well as single counts of assault and having a weapon under disability. A jury found defendant not *Page 2 
guilty of assault, but guilty on all the remaining charges; the trial court sentenced defendant to a total of 52 years. State v. Payne, Franklin App. No. 02AP-723, 2003-Ohio-4891. On appeal, this court affirmed defendant's convictions. Id. The Supreme Court of Ohio denied review. State v. Payne, 101 Ohio St.3d 1421, 2004-Ohio-123. On May 31, 2005, defendant filed an application for reopening pursuant to App.R. 26(B) in this court, raising issues under Blakely v. Washington (2004),542 U.S. 296. By entry, this court denied the application as untimely.
 {¶ 3} In the meantime, defendant on February 14, 2005, filed in the trial court a petition for post-conviction relief pursuant to R.C.2953.23, again raising Blakely and requesting that the court modify his 52-year prison term. The record does not reflect a ruling on defendant's post-conviction petition. On August 10, 2006, defendant filed a "Motion to Vacate and Correct Sentence Pursuant to Criminal Rule 47." The trial court denied defendant's motion, noting the court took "into consideration all applicable statutory guidelines" when it sentenced defendant. (January 5, 2007 Decision and Entry.) Defendant appeals, assigning four errors:
 [I.] The Trial Court prejudiced the Appellant, Scott Payne, by denying his request to "VACATE SENTENCE AND CONVICTION," without a hearing, in violation of Appellant's Due Process rights as guaranteed by the "FIFTH AMENDMENT WITH-IN [sic] THE UNITED STATES CONSTITUTION," and made applicable to the States by the "FOURTEENTH AMENDMENT WITH-IN [sic] THE UNITED STATES CONSTITUTION."
 [II.] The Trial Court erred when it sentenced the Appellant to consecutive sentences, and [sic] enhanced penalty for § O.R.C. 2929.14 (E)(1)(A) § O.R.C. 2929.12(A)(B), and ignored the imposition of the "SAME ANIMUS." These sentences, although separate per case, are of the same "TRANSACTION," per case, and the charges per case, *Page 3 
should of [sic] been ran concurrently, but at the Court's discretion, the two separate cases could of [sic] been ran Consecutively.
 [III.] The Trial Court erred to the prejudice of Appellant by imposing Consecutive sentences for each "FIREARM SPECIFICATION." When doing so the Trial Court imposed an unconstitutional sentence. (VIOLATION OF THE SIXTH AMENDMENT AND THE OHIO REVISED CODE).
 [IV.] The trial Court erred when it imposed the maximum sentence, for each crime, against the Appellant as a first time offender. A violation of the § O.R.C. 2929.14(B), and the "SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION."
 {¶ 4} Defendant's first assignment of error contends the trial court erred in denying his motion without a hearing; his remaining assignments of error challenge various aspects of the sentences the trial court imposed. Defendant's first assignment of error disposes of the appeal, rendering the remaining assignments of error moot.
 {¶ 5} "R.C. 2953.21(J), part of the postconviction relief statutory scheme, provides that `the remedy set forth in this section is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case * * *.'"State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 13. Accordingly, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
 {¶ 6} Because defendant filed a direct appeal of his convictions, the state urges his current motion be deemed a petition for post-conviction relief. To the extent defendant's motion is a petition for post-conviction relief, the trial court was not required to *Page 4 
conduct an evidentiary hearing for two separate reasons: (1) the petition is untimely, and (2) the doctrine of res judicata bars consideration of it.
 {¶ 7} Effective September 21, 1995, R.C. 2953.21 was amended to require that a petition under R.C. 2953.21(A)(1) be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). Defendant's trial transcript was filed in his direct appeal on September 24, 2002. His motion, however, was not filed until June 28, 2006, well outside the time limits imposed under R.C. 2953.21(A)(2).
 {¶ 8} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless defendant demonstrates either he was unavoidably prevented from discovering facts necessary for the claim for relief or the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation. If defendant satisfies either of those two conditions, he also must demonstrate that but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted.
 {¶ 9} Here, defendant points to no newly recognized federal or state right under R.C. 2953.23(A)(1); nor does he suggest that he was prevented from discovering any necessary facts. While defendant alludes to Blakely, "Blakely does not recognize a new federal or state right that applies retroactively." State v. Graham, Franklin App. No. 05AP-588, 2006-Ohio-914, ¶ 10. To the extent defendant relies onState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, Foster is not a decision of the United States Supreme Court and therefore does not satisfy the exception in R.C. 2953.23. As defendant filed his motion well past the allotted time period, the trial court lacked jurisdiction to conduct a hearing on *Page 5 
defendant's motion. Moreover, even if defendant's motion were timely, the doctrine of res judicata bars the issues defendant raises.
 {¶ 10} A trial court may dismiss a petition for post-conviction relief without a hearing when the doctrine of res judicata bars the claims raised in the petition. State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus, approving and following State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. "Res judicata is applicable in all postconviction relief proceedings." Szefcyk, at 95. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if defendant raised or could have raised the issue at trial or on direct appeal. Szefcyk, syllabus; Reynolds, at 161; State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 36.
 {¶ 11} For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition not only must be competent, relevant, and material evidence outside the trial court record, but must have been nonexistent or unavailable for use at the time of trial. State v. Lawson (1995), 103 Ohio App.3d 307,315, discretionary appeal not allowed, 74 Ohio St.3d 1404; State v.Braden, Franklin App. No. 02AP-954, 2003-Ohio-2949, at ¶ 27, 36, certiorari denied, 540 U.S. 865, 124 S.Ct. 182. Because each of defendant's arguments could have been raised on direct appeal, res judicata bars consideration of them under R.C. 2953.21.
 {¶ 12} To the extent defendant asserts his Crim.R. 47 motion is not a collateral attack, but part of the direct appeal, he is unavailing. At least one appellate court has determined Crim.R. 47 does not authorize a criminal defendant to vacate or correct his sentence, but merely "prescribe[s] guidelines and procedures for one who desires to file a *Page 6 
motion under the criminal rules." State v. Foti, Lake App. No. 2006-L-138, 2007-Ohio-887, at ¶ 9.
 {¶ 13} Moreover, just as the doctrine of res judicata bars successive petitions for post-conviction relief, it bars defendant's attempt here to appeal a second time the sentence the trial court imposed. Defendant raised 11 assignments of error in his direct appeal, at least one addressing defendant's sentence, and attempted to raise additional issues through his application for reopening. Having used those opportunities to have his sentence reviewed, defendant cannot employ Crim.R. 47 in an attempt to directly attack the sentence now finalized through his direct appeal.
 {¶ 14} As a result, the trial court properly denied defendant's motion without a hearing. Defendant's first assignment of error is overruled, rendering moot his remaining assignments of error. The judgments of the trial court are affirmed.
Judgments affirmed.
 FRENCH and BRYANT, JJ., concur.
BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1