[Cite as *State v. Jackson*, 2015-Ohio-5282.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-581 |
| v. | : | (C.P.C No. 88CR-09-3371) |
| Edward Jackson, | : | REGULAR CALENDAR |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 17, 2015

*Ron O'Brien,* Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Edward Jackson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Edward Jackson, appeals from a judgment of the Franklin County Court of Common Pleas denying his "Motion to Impose a Valid Sentence." For the following reasons, we affirm that judgment.

**Factual and Procedural Background**

{¶ 2} In 1989, a jury found appellant guilty of, among other things, multiple counts of rape and kidnapping, as well as specifications to those counts. The trial court sentenced him accordingly. On appeal, this court affirmed appellant's convictions but remanded the matter for the trial court to correct two sentencing errors. *State v. Jackson*, 10th Dist. No. 89AP-1015 (Aug. 23, 1990). On remand, the trial court resentenced appellant in an amended sentencing entry in accordance with our decision. *See State v. Jackson*, 10th Dist. No. 97AP-1660 (June 30, 1998).

{¶ 3}   Over the years, appellant has filed numerous motions in the trial court seeking relief of one kind or another.  *See State v. Jackson*, 10th Dist. No. 01AP-427 (Sept. 28, 2001) (detailing filings).  As relevant here, appellant filed a "Motion to Impose a Valid Sentence" on January 11, 2013.  In that motion, he alleged that his sentence was void because the trial court's amended sentencing entry did not merge certain offenses. The trial court denied the motion, rejecting appellant's merger argument on the merits and concluding that it had already imposed a valid sentence.

**The Appeal**

{¶ 4}   Appellant appeals and assigns the following errors:

> [I.] The trial court abused its discretion when it denied the motion for a de novo sentencing hearing after the court of appeals reversed and remanded for re-sentencing.

> [II.] The appellant was denied his constitutional right to counsel for sentencing thus, his constitutional right which is guaranteed by the 6th and 14th Amendment[s] were violated.

> [III.] The appellant was deprived of his rights guaranteed by the Sixth and Fourteenth Amendments of the U.S. Constitution because of the unreasonable delay in imposing sentence.

{¶ 5}   We cannot address these assignments of error because appellant did not make any of these arguments in his January 11, 2013 motion and, therefore, the trial court did not consider them in its decision appellant has appealed.  Appellant did make these arguments in a different motion he filed in the trial court.  The trial court, however, denied that motion and appellant did not appeal that decision, which was final and appealable.  Because appellant could have but did not appeal that decision, res judicata now prevents him from raising these issues in this appeal.  *State v. Smith*, 10th Dist. No. 13AP-129, 2013-Ohio-4674, ¶ 8 (res judicata bars claims that could have been raised in appeal from modified sentencing entry but were not because defendant did not appeal from that entry); *State v. Huddleston*, 10th Dist. No. 12AP-512, 2013-Ohio-2561, ¶ 12 (res judicata barred claims that could have been raised in appeal from sentencing entry but were not because defendant did not appeal).

{¶ 6}   For these reasons, we overrule appellant's three assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

**LUPER SCHUSTER and BRUNNER, JJ., concur.**

_____