[Cite as *State v. Melhado*, 2016-Ohio-3346.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | **No. 15AP-960** |
| v. | : | (C.P.C. No. 01CR06-3599) |
| Clive N. Melhado, | : | **(REGULAR CALENDAR)** |
| Defendant-Appellant. | : | |

---

### D E C I S I O N

### Rendered on June 9, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Clive N. Melhado*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Clive N. Melhado, appeals from a judgment of the Franklin County Court of Common Pleas denying his "Motion for Discharge from Custody." For the following reasons, we affirm that judgment.

### I. Factual and Procedural Background

{¶ 2} In 2001, appellant was indicted for two counts of aggravated murder in violation of R.C. 2903.01 and one count of aggravated robbery in violation of R.C. 2911.01. A jury found appellant guilty on the first count of the lesser-included offense of murder in violation of R.C. 2903.02, and guilty on the second count of aggravated murder and of aggravated robbery. At sentencing, the trial court merged the murder and aggravated murder convictions and sentenced appellant to a term of life imprisonment without

possibility of parole for the aggravated murder conviction. The trial court imposed a concurrent eight-year sentence on the aggravated robbery conviction.[1] Appellant appealed to this court and argued that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence, that he received ineffective assistance of counsel, and that the sentencing scheme in R.C. 2929.03 is unconstitutional. This court rejected appellant's arguments and affirmed his convictions and sentence. *State v. Melhado*, 10th Dist. No. 02AP-458, 2003-Ohio-4763.

{¶ 3} In a 2010 motion to vacate a void judgment, appellant argued that the trial court failed to properly impose post-release control ("PRC") for his aggravated robbery conviction. The trial court rejected that argument and denied the motion. This court dismissed appellant's attempt to appeal that judgment because he did not timely file his appellate brief. In 2012, appellant filed another motion to vacate in which he again argued that the trial court failed to properly impose PRC. The trial court again rejected the argument, noting that it had already addressed and rejected the exact issue. On appeal, this court affirmed. *State v. Melhado*, 10th Dist. No. 13AP-114, 2013-Ohio-3547, ¶ 12-18. We rejected his PRC argument because he had already served his sentence for the aggravated robbery conviction and, therefore, any error in failing to properly impose PRC on that conviction was not correctable. *Id.* at ¶ 17.

{¶ 4} In 2015, appellant filed the present "Motion for Discharge from Custody" in which he once again argued that the trial court failed to properly impose PRC. Appellant also argued, for the first time, that he was not afforded a preliminary hearing in a timely manner pursuant to R.C. 2945.71(C)(1). The trial court denied the motion. In doing so, the trial court specifically noted that it had already rejected his PRC argument. It also concluded that appellant was not entitled to a preliminary hearing once he had been indicted.

## II. Appellant's Appeal

{¶ 5} Appellant appeals from the trial court's denial of his "Motion for Discharge from Custody" and assigns the following errors:

> [1.] Whether, and pursuant to the provisions of: O.R.C. § 2967.28; O.R.C. § 2943.032(E); and, *State v. Bezak*, 114

---

[1] Appellant was also found guilty of and sentenced for accompanying firearm specifications.

Ohio St. 3d 94, it was reversible error and thus violative of due process for the trial court to refuse to impose a mandatory period of postrelease control on offenses(s) with which postrelease control was/is required as a matter of law.

[2.] Whether a trial court's failure to indicate ['the sequence'] with which 'consecutive sentences' were/are to be served implicates due process and renders the attempted judgment a nullity and void.

[3.] Whether a jurisdictional challenge pursuant to relevant portions of: O.R.C. § 2945.71; and, O.R.C. § 2945.73 [where the record is manifest that appellant was not indicted or received a municipal court remand to the grand jury within the requisite 10-day time limitation] can be made at any time.

[4.] Whether a trial court's failure to notify a criminal defendant of any of the consequences associated with a violation of postrelease control sanction * * * implicates due process and further implicates the resulting attempted judgment as a final appealable order.

## A. Appellant's Third Assignment of Error—Res Judicata

{¶ 6}  Appellant's third assignment of error is barred by res judicata.  *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 5.  Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal.  *Id.*, citing *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, ¶ 7 (10th Dist.); *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996).  This assignment of error could have been raised in appellant's original appeal to this court.  Having failed to do so, res judicata bars him from raising it now.  We recognize that an exception to the application of res judicata applies to void judgments.  *State v. Mitchell*, 187 Ohio App.3d 315, 2010-Ohio-1766, ¶ 22, fn. 1 (6th Dist.), citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 30.  However, the argument appellant presents in this assignment of error would not render the trial court's judgment void.  *State v. Zaffino*, 9th Dist. No. 21514, 2003-Ohio-7202, ¶ 13-14, citing *State v. Parker*, 10th Dist. No. 80AP-67 (Sept. 2, 1980) ("An otherwise valid indictment need not be dismissed merely because it was returned after the

time limits imposed on a preliminary hearing."). Accordingly, we overrule appellant's third assignment of error.

### B. Appellant's Second Assignment of Error—Sentencing

{¶ 7} Appellant argues that the trial court failed to order the sequence of his consecutive sentences. Res judicata notwithstanding, we cannot address this assignment of error because appellant did not make this argument in his motion for discharge to the trial court, and the failure to raise an issue before the trial court forfeits the right to raise that issue on appeal. *State v. Jackson*, 10th Dist. No. 15AP-581, 2015-Ohio-5282, ¶ 5; *State v. Parsley*, 10th Dist. No. 09AP-612, 2010-Ohio-1689, ¶ 18. Accordingly, we overrule appellant's second assignment of error.

### C. Appellant First and Fourth Assignments of Error—The Imposition of Post-Release Control

{¶ 8} In these assignments of error, appellant again argues that the trial court failed to properly impose PRC. While the improper imposition of PRC may render at least that portion of a sentence void, so as to avoid the application of res judicata,[2] this court has already considered and rejected appellant's argument, noting that any error in the trial court's failure to so notify appellant was not correctable because he has already served his sentence for the aggravated robbery conviction. *Melhado* at ¶ 17. As this court has already decided the issue, it is now law of the case and appellant cannot challenge it again. *State v. Eskridge*, 11th Dist. No. 2001-P-0012, 2002-Ohio-1474. Accordingly, we overrule appellant's first and fourth assignments of error.

## III. Conclusion

{¶ 9} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

––––––––––––

[2] *Myers* at ¶ 8.